## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRIAN THOMPSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-14218** |
| **ROBERT TANNER, WARDEN** | **SECTION "R"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

## I.    Factual and Procedural Background

The petitioner, Brian Thompson ("Thompson"), is a convicted inmate incarcerated in the B.B. "Sixty" Rayburn Correctional Center in Angie, Louisiana.[2]  On June 22, 2009, Thompson was charged by Bill of Information in Jefferson Parish with the attempted second degree murder of Connicka Proctor.[3]  He entered a plea of not guilty to the charge on June 24, 2009.[4]

The record reflects that, around 7:00 p.m. on May 16, 2009, the Jefferson Parish Sheriff's Office was called to the scene of a shooting in Marrero, where they found 21-year-old Proctor

---

[1] Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2] Rec. Doc. No. 1.

[3] St. Rec. Vol. 1 of 8, Bill of Information, 6/22/09.

[4] St. Rec. Vol. 1 of 8, Minute Entry, 6/24/09.

lying on the front lawn bleeding from four gunshot wounds, two to her upper chest, one to her left arm, and one to her upper back.[5]  She told one of the deputies that Thompson had shot her.

Proctor worked with Thompson at a McDonald's restaurant in the area.  The two had known each other for approximately a year and a half, and Proctor repeatedly rejected Thompson's efforts to start a relationship because of her preference for women.  Despite this, Thompson told other people that they were in a relationship, which led to phone calls to Proctor from Thompson's fiancée inquiring about the relationship.

The day of the shooting, Proctor and her girlfriend were at the apartment of Trashawn Wilson, a coworker from McDonald's.  That evening, Thompson drove his Suburban onto Wilson's front lawn, honking and calling out for Proctor.  The three women went outside, and Proctor and Thompson began to loudly argue about a phone call Proctor received from Thompson's fiancée and the fact that Proctor was with her girlfriend.  At some point, Thompson attempted to place Proctor in a chokehold, and she pushed him, both threatening harm to the other. During the continued argument, Thompson walked back to his vehicle and Proctor followed him. When Thompson got into the vehicle, Proctor struck him in the head with her hand through the driver's side window.  Thompson immediately began shooting at her.  He then drove away, although he eventually turned himself into the police 16 or 17 days later.

Thompson was tried before a jury on March 6 and 7, 2012, and was found guilty as charged.[6]  At a hearing held March 9, 2012, the Trial Court denied Thompson's motions for a new

---

[5]The facts were taken from the published opinion of the Louisiana Fifth Circuit Court of Appeal on direct appeal.  *State v. Thompson*, 106 So.3d 1102, 1104-05 (La. App. 5th Cir. 2012); St. Rec. Vol. 2 of 8, 5th Cir. Opinion, 12-KA-0409, pp. 2-6, 12/11/12.

[6]St. Rec. Vol. 1 of 8, Trial Minutes, 3/6/12; Trial Minutes, 3/7/12; Jury Verdict, 3/7/12; Trial Transcript, 3/6/12; Trial Transcript, 3/7/12.

trial and post-verdict judgment of acquittal.[7]  After waiver of legal delays, the Court sentenced Thompson to serve 30 years in prison without benefit of parole, probation, or suspension of sentence.[8]  On October 15, 2012, he entered a plea of guilty to the State's multiple bill, and was resentenced that day by the Trial Court to serve 40 years in prison as a third offender without benefit of parole, probation or suspension of sentence.[9]

On direct appeal to the Louisiana Fifth Circuit, Thompson's appointed counsel asserted the following error:[10] (1) the state trial court improperly excluded evidence of the victim's violent nature; (2) the evidence was insufficient to support the conviction and to prove that the shooting was not in self-defense; and (3) the evidence was insufficient to support the verdict and at best established attempted manslaughter.  On December 11, 2012, the Louisiana Fifth Circuit affirmed Thompson's conviction finding the first claim to be procedurally barred from review for lack of a contemporaneous objection and the other two claims to be meritless.[11]

The Louisiana Supreme Court denied Thompson's related writ application without stated reasons on August 30, 2013.[12]  Thompson's conviction was final under federal law ninety (90)

---

[7]St. Rec. Vol. 1 of 8, Sentencing Minute, 3/9/12; Motion for New Trial, 3/9/12; Motion for Post-Verdict Judgment of Acquittal, 3/9/12; St. Rec. Vol. 2 of 8, Sentencing Transcript, 3/9/12.

[8]St. Rec. Vol. 1 of 8, Sentencing Minutes, 3/9/12; Sentencing Script, 3/9/12; St. Rec. Vol. 2 of 8, Sentencing Transcript, 3/9/12.

[9]St. Rec. Vol. 3 of 8, Multiple Bill Hearing Minutes, 10/15/12, Waiver of Rights - Plea of Guilty as a Multiple Offender, 10/15/12; St. Rec. Vol. 1 of 8, Multiple Bill, 4/13/12.

[10]St. Rec. Vol. 2 of 8, Appeal Brief, 12-KA-0409, 6/13/12.

[11]*Thompson*, 106 So.3d at 1102; St. Rec. Vol. 2 of 8, 5th Cir. Opinion, 12-KA-0409, 12/11/12.

[12]*State v. Thompson*, 120 So.3d 258 (La. 2013); St. Rec. Vol. 8 of 8, La. S. Ct. Order, 2013-KO-0111, 8/30/11; La. S. Ct. Writ Application, 13-KO-111, 1/14/13 (dated 1/8/13); La. S. Ct. Letter, 2013-KO-111, 1/14/13.

days later, on Monday, December 2, 2013,[13] when he did not file a writ application with the United States Supreme Court. *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (time for filing for certiorari with the U.S. Supreme Court is included in the finality determination under 28 U.S.C. § 2244(d)(1)(A)); U.S. Sup. Ct. Rule 13(1).

More than four months later, on April 16, 2014, Thompson submitted a federal petition for habeas corpus relief to this Court under Civ. Action No. 14-0924"C"(4) asserting claims of ineffective assistance of counsel, improper exclusion of evidence, and insufficient evidence.[14]  On October 17, 2014, the Court dismissed the petition without prejudice, because Thompson failed to exhaust state court remedies as to all of his claims before seeking federal relief.[15]

Five months later, on March 18, 2015, Thompson signed and submitted an application for post-conviction relief to the state trial court asserting the following grounds for relief:[16] (1) the State erred in improperly excluding evidence of the victim's violent nature; (2) the evidence was insufficient to prove the shooting was not done in self-defense; (3) the evidence was insufficient to support the verdict where it proved the shooting was an attempted manslaughter; and (4) the Trial Court erred by reading the bill of information to the jury during jury instruction.

---

[13]The ninetieth day fell on Thursday, November 28, 2013, which was the legal holiday of Thanksgiving.  La. Rev. Stat. § 1:55.  Pursuant to La. Code Crim. P. art. 13, the end of the period then falls to the next non-holiday and non-weekend day.  The next day, Friday, November 29, 2013, however, was declared by Governor Bobby Jindal to be Acadian Day, another recognized holiday when so declared.  La. Rev. Stat. § 1:55(B)(3); La. Exec. Proclamation No. 162 BJ 2013 (Nov. 7, 2013).  Therefore, Thompson's conviction and sentence became final the following Monday, December 2, 2013.

[14]*See*, Civ. Action No. 14-0924"C"(4), Rec. Doc. No. 1, 4/25/14 (dated 4/16/14).

[15]*Id.*, Rec. Doc. Nos. 12, 14 and 15.

[16]St. Rec. Vol. 5 of 8, Application for Post-Conviction Relief, 3/30/15 (dated 3/18/15).

After receiving additional briefing, on June 4, 2015, the Trial Court denied relief finding that Thompson's first three claims were procedurally barred from post-conviction review as repetitive under La. Code Crim. P. art. 930.4(C), and the fourth claim also was procedurally barred because it was not raised on direct appeal, citing La. Code Crim. P. art. 930.4(B).[17]

On September 17, 2015, the Louisiana Fifth Circuit denied Thompson's related writ application, finding no error in the Trial Court's ruling.[18]  On February 3, 2017, the Louisiana Supreme Court denied Thompson's subsequent writ application, also finding no error in the Trial Court's ruling.[19]

## II.    **Federal Petition**

On December 1, 2017, the clerk of this Court filed Thompson's federal petition for habeas corpus relief in which he asserted the following grounds for relief:[20] (1) the State erred in improperly excluding evidence of the victim's nature; (2) the evidence was insufficient to prove the shooting was not done in self-defense; and (3) the evidence was insufficient to support the verdict where it proved the shooting was an attempted manslaughter.

The State filed a response in opposition to Thompson's federal habeas petition was not timely filed.[21]

---

[17]St. Rec. Vol. 5 of 8, Trial Court Order, 6/4/15; Trial Court Order, 4/1/15; State's Response, 4/14/15; Traverse, 5/21/15.

[18]St. Rec. Vol. 7 of 8, 5th Cir. Order, 2015-KH-482, 9/17/15; 5th Cir. Writ Application, 2015-KH-482, 8/5/15 (dated 7/31/15).

[19]*State ex rel. Thompson v. State*, 209 So.3d 696 (La. 2017); St. Rec. Vol. 8 of 8, La. S. Ct. Order, 2015-KH-1988, 2/3/17; La. S. Ct. Writ Application, 15-KH-1988, 10/28/15 (dated 10/21/15); La. S. Ct. Letter, 2015-KH-1988, 10/28/15.

[20]Rec. Doc. No. 1.

[21]Rec. Doc. No. 14.

## III.  <u>General Standards of Review</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[22] applies to this petition, which is deemed filed in this Court no later than November 27, 2017.[23]  The threshold questions on habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim.  *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State concedes that Thompson has exhausted state court review of the claims and asserts that the petition was not timely filed under the AEDPA, reserving the right to assert other procedural objections and address the merits if necessary.  For the reasons that follow, the Court also finds that Thompson's federal habeas petition was not timely filed and must be dismissed with prejudice for that reason.

---

[22]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996.  *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).  The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments.  Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law.  *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[23]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting *pro se*.  Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).  The clerk of court filed Thompson's petition on December 1, 2017, when it was received, and opened the matter on January 2, 2018, when he paid the filing fee.  Thompson dated his signature on the original complaint on November 27, 2017, which is the earliest date appearing in the record on which he could have presented his pleadings to prison officials for mailing to this Court.  The fact that he later paid the filing fee does not alter the application of the federal mailbox rule to his *pro se* petition.  *See Cousin v. Lensing*, 310 F.3d 843, 847 (5th Cir. 2002).

## IV.    **Statute of Limitations**

The AEDPA requires a petitioner to bring his § 2254 claim within one year of the date his conviction became final.[24] *Duncan v. Walker*, 533 U.S. 167, 176-80 (2001).  As stated above, Thompson's conviction was final under federal law on December 2, 2013, following the direct appeal process.  Pursuant to § 2244, Thompson had one year from that date, or until December 2, 2014, to timely file a federal application for habeas corpus relief which he did not do.  Thus, literal application of the statute would bar Thompson's petition as of that date unless he is entitled to tolling as provided for under the AEDPA.

### A.    **Statutory Tolling**

Section 2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation.  *See* 28 U.S.C. § 2244(d)(2).  In order for a state post-conviction application to be considered "properly filed" within the meaning of § 2244(d)(2), the applicant must have complied with all of the State's procedural requirements,

---

[24]The statute of limitations provision of the AEDPA provides for other triggers which do not apply here: (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-

> A.    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> B.    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
>
> C.    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> D.    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.  28 U.S.C. § 2244(d).

such as timeliness and place of filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Williams v. Cain*, 217 F.3d 303, 306-08 & n.4 (5th Cir. 2000) (quoting *Smith v. Ward*, 209 F.3d 383, 384-85 (5th Cir. 2000)); *Villegas v. Johnson*, 184 F.3d 467, 468-69 (5th Cir. 1999), *reh'g denied*, 196 F.3d 1259 (5th Cir. 1999). For purposes of the AEDPA, a timeliness calculation in Louisiana requires the application of the prison mailbox rule to state pleadings. *Causey v. Cain*, 450 F.3d 601, 604-05 (5th Cir. 2006). The Court has applied this rule in presenting the procedural history recited above.

A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Williams*, 217 F.3d at 310 (quoting *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999)) (finding that a matter is "pending" for Section 2244(d)(2) purposes until further appellate review is unavailable under Louisiana's procedures.); *see also Melancon v. Kaylo*, 259 F.3d 401, 405 (5th Cir. 2001).

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. *Dillworth v. Johnson*, 215 F.3d 497, 501 (5th Cir. 2000) (finding that a state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); *Nara v. Frank*, 264 F.3d 310, 316 (3d Cir. 2001), *overruled on other grounds by Carey*, 536 U.S. 214 (finding that a motion to withdraw a guilty plea is "other collateral review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. *Godfrey v. Dretke*, 396 F.3d 681, 687-88 (5th Cir. 2005).

In Thompson's case, the AEDPA filing period began to run on December 3, 2013, the day after his conviction and sentence were final under federal law. The one-year AEDPA filing period continued to run uninterrupted from that date for one year, until December 2, 2014, when it expired. Thompson had <u>no</u> properly filed application for state post-conviction or other collateral review pending in any state court during that time period. His current federal petition was filed under the federal mailbox rule on November 27, 2017, and therefore was not timely under the AEDPA.

Thompson did not pursue state post-conviction review until March 18, 2015, which was more than three months after the AEDPA filing period expired. A filing made after the expiration of the AEDPA one-year filing period does not renew or extend the AEDPA filing period or provide a petitioner any tolling benefits. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000); *Higginbotham v. King*, 592 F. App'x 313, 314 (5th Cir. 2015).

Furthermore, Thompson is not entitled to tolling for his prior federal petition for habeas corpus relief. The United States Supreme Court has squarely held that an intervening, earlier federal habeas petition is not a state court proceeding and provides no tolling of the AEDPA statute of limitations during its pendency. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) ("We hold that an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) therefore did not toll the limitation period during the pendency of respondent's first federal habeas petition."). There is no tolling benefit for the prior filing in this Court.

Thus, Thompson's current federal petition deemed filed on November 27, 2017, was filed almost three years after the AEDPA filing period expired on December 2, 2014. Thompson's federal petition was not timely filed and should be dismissed with prejudice for that reason.

###### B.   No Equitable Tolling

The post-AEDPA jurisprudence also provides for equitable tolling where rare or extraordinary circumstances may have prevented a diligent petitioner from timely pursuing federal habeas corpus.  *Pace*, 544 U.S. at 419; *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999).  Equitable tolling is warranted <u>only</u> in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights.  *Pace*, 544 U.S. at 418-19; *see Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002).

Equitable tolling has only been extended under extraordinary circumstances outside the control of the petitioner.  *See Holland v. Florida*, 560 U.S. 631, 652-53 (2010) (finding that equitable tolling was warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests to timely file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters); *Hardy v. Quarterman*, 577 F.3d 596, 599-600 (5th Cir. 2009) (finding that equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (finding that tolling was warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quotation omitted) ("A garden variety claim of excusable neglect does not support equitable tolling."); *Fisher*, 174 F.3d at 715 (finding that tolling is not justified during petitioner's 17-day stay in psychiatric ward, during

which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); *Cantu-Tzin*, 162 F.3d at 300 (finding that State's alleged failure to appoint competent habeas counsel did not justify tolling); *Davis*, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended the deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

Thompson has not presented, and the record does not demonstrate, any basis for extending the extraordinary remedy of equitable tolling to the § 2244(d) calculation. The record instead simply reflects that Thompson did not timely file this federal habeas petition, and he is not entitled to equitable tolling.

His federal petition deemed filed on November 27, 2017, was not timely filed within the AEDPA statute of limitations.   The petition should be dismissed with prejudice for that reason.

## V.      Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Brian Thompson's petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will

result from a failure to object. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[25]

New Orleans, Louisiana, this _18_ day of July, 2018.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[25]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.